# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JOSEPH M. WALLS,          )
                                        )
             Plaintiff,      )
     v.                            )
                                          )
                                        )    C.A. No. K24A-12-002 NEP
WALLACE E. PRESSLEY, III,   )
                                          )
     Defendant.       )
                                          )
                                          )

Submitted:  July 15, 2026
Decided:  August 5, 2026

## <u>ORDER</u>

*Upon Plaintiff's Motion for Reargument*

## DENIED

       Plaintiff Joseph M. Walls ("Plaintiff") has filed a "Motion for Reargument of Adams v. Carney Denial Decision."  For the reasons that follow, Plaintiff's motion is **DENIED.**

       **1.**    On July 1, 2026, the Court held a status conference concerning Plaintiff's requests to issue subpoenas after the close of discovery.[1]  Although the Court permitted Plaintiff to request issuance of the subpoenas, it ruled that, because the subpoenas were not properly requested before discovery closed and the resulting delay prejudiced the Defendants, Plaintiff could not use any information obtained

---

[1] D.I. 133.  Citations in the form of "D.I. ___" refer to docket items.

through the subpoenas to oppose Defendant's forthcoming motion for summary judgment.[2]

2.  Immediately after the Court announced its ruling, Plaintiff orally moved for the Court to recuse itself and withdraw from the case under *Adams v. Carney*.[3]  The Court denied the oral motion as without merit.

3.  On July 7, 2026, Plaintiff filed the instant Motion for Reargument, contending that the political-balance provisions governing this judicial officer's 2017 appointment were unconstitutional and therefore rendered his appointment, and by extension, his rulings in this action, invalid.[4]  Plaintiff asks that this judicial officer recuse himself, that another judge vacate his prior rulings, and that the matter be reassigned.[5]

4.  A motion for reargument "provide[s] the trial court with an opportunity to reconsider a matter and to correct any alleged legal or factual errors prior to an appeal."[6]  Rule 59(e) of the Delaware Superior Court Civil Rules governs a motion for reargument and requires the motion to be filed within five days of the decision.[7]  A motion for reargument "will be granted 'only if the Court has overlooked precedent or legal principles, or the Court has misapprehended the law or the facts such as would have changed the outcome of the underlying decision.'"[8]  The moving

---

[2] *Id.*

[3] *See Adams v. Carney*, 2017 WL 6033650, at *1 (D. Del. Dec. 6, 2017), *clarified by* 2018 WL 2411219 (D. Del. May 23, 2018), *aff'd in part, rev'd in part sub nom. Adams v. Gov. of Delaware*, 922 F.3d 166 (3d Cir. 2019), *reversed, vacated and remanded sub nom. Carney v. Adams*, 592 U.S. 53 (2020).

[4] Mot. for Reargument of Adams v. Carney Denial Decision 3 (D.I. 136).

[5] *Id.* at 4.

[6] *Bowen v. E.I. duPont de Nemours & Co., Inc.*, 879 A.2d 920, 921 (Del. 2005) (citing *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969)).

[7] Del. Super. Ct. Civ. R. 59(e).

[8] *Snipe v. Boulden Servs., LLC*, 2024 WL 550095, at *1 (Del. Super. Feb. 8, 2024) (quoting *State v. Brinkley*, 132 A.3d 839, 842 (Del. Super. 2016)).

party bears a "heavy burden" to demonstrate such grounds.[9]   A motion for reargument should not be used for raising new arguments or rehashing arguments previously made.[10]  "Such tactics frustrate the efficient use of judicial resources, place the opposing party in an unfair position, and stymie 'the orderly process of reaching closure on the issues.'"[11]

5.    In support of reargument, Plaintiff relies principally on the original 2017 ruling by the United States District Court for the District of Delaware in *Adams v. Carney* and alleges that this judicial officer's appointment violated the First and Fourteenth Amendments of the United States Constitution because he was appointed to fill a seat reserved for a Republican under Article IV, § 3 of the Delaware Constitution.[12]  Plaintiff further alleges that, because the *Adams* litigation was pending at the time, this judicial officer knew or should have known of the alleged defect in his appointment.[13]  Plaintiff does not mention that the Third Circuit's partial affirmance of the District Court's clarified decision was ultimately reversed by the United States Supreme Court.[14]

6.    The Court need not reach, and does not decide, the constitutional premise underlying Plaintiff's request.  The instant motion identifies no precedent, legal principle, or material fact that the Court overlooked or misapprehended when

[9] *Milton v. Alfred I. duPont Hosp. for Children*, 2024 WL 4524850, at *1 (Del. Super. Oct. 17, 2024).

[10] *Bd. of Managers of the Del. Crim. Just. Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003); *Feenix Payment Sys., LLC v. Blum*, 2024 WL 3424038, at *1 (Del. Super. July 16, 2024); *Kennedy v. Invacare Corp.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).

[11] *Feenix*, 2024 WL 3424038, at *1 (quoting *Plummer v. Sherman*, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004)).

[12] Mot. for Reargument of Adams v. Carney Denial Decision 3 (D.I. 136).

[13] *Id.*

[14] *See supra* note 3.

it denied Plaintiff's oral motion.[15]  Accordingly, Plaintiff has not established grounds for reargument.

7.    Additionally, the Court notes that Plaintiff did not raise this challenge in any pleading filed between the commencement of this action in December 2024 and the July 1, 2026, status conference.  Plaintiff instead asserted his motion for the first time orally at the conclusion of that conference, immediately after the Court announced a ruling adverse to him.  Notwithstanding Plaintiff's failure to raise this argument at any point prior to the status conference, and his apparent motivation for doing so in response to the Court's ruling, the instant Motion for Reargument merely repackages Plaintiff's oral motion and cites no authority the Court had not already considered when it issued its denial.

8.    Rule 59(e) is not a vehicle for presenting available arguments belatedly or rehashing a position the Court has already rejected.  Plaintiff has therefore failed to carry the heavy burden required for reargument.[16]

9.    Given that Plaintiff has not shown that the Court overlooked controlling precedent or legal principles or misapprehended any material law or fact, his Motion for Reargument must be denied.  The Court declines to revisit its denial of Plaintiff's oral motion or disturb its prior rulings.

**WHEREFORE**, Plaintiff's Motion for Reargument is hereby **DENIED**.

**IT IS SO ORDERED.**

---

[15] Plaintiff has advanced no claim of personal bias or prejudice on the part of this judicial officer. *See Los v. Los*, 595 A.2d 381, 384 (Del. 1991).

[16] *See supra* note 9.

_____
Noel Eason Primos, Judge

NEP

oc: Prothonotary
cc: Counsel of Record
cc: Joseph M. Walls (mail and email)